HAMLIN CONSTRUCTION COMPANY, INC., Appellant,

v.

Delmar Ray WILSON, Appellee.

Court of Appeals of Kentucky.

April 19, 1985.

Stephen D. Milner, Landrum, Shouse & Patterson, Lexington, for appellant.

James F. Clay, Jr., Danville, for appellee.

Before COMBS, McDONALD and WIL-HOIT, JJ.

COMBS, Judge.

This is an appeal from an order of the Boyle Circuit Court directing appellant and appellee to equally divide the proceeds of their construction project.

Appellant argues that CR 63 mandates a new trial because the trial judge died after hearing the case, but before making findings of fact and conclusions of law. In the alternative, appellant demands a money judgment and accounting from appellee, claiming the parties had agreed to share the losses of the project as well as the profits.

Appellant, Hamlin Construction Company, Inc., subcontracted to build a 0.41 mile of road for a total price of $13,500.00. At the same time, Hamlin Construction and appellee, Delmar Wilson, orally agreed to perform the work and divide the contract proceeds. The project was completed at a purported loss of $34,000.00, and Hamlin Construction brought this action for an accounting after Wilson declined to contribute some $17,000.00 towards the losses. The sole issue before the trial court was whether the parties' understanding embraced an agreement to share losses as well as profits.

The lower court held a bench trial, but the judge died before making findings of fact and conclusions of law. His successor reviewed the trial transcript, rendered his own findings, and decided the case. Thirty days after the judgment, appellant filed a CR 60.02 motion for a new trial, alleging that the successor judge should have ordered a new trial under CR 63.

■ We note at the outset that appellant's motion for a new trial was not properly raised in the lower court. CR 59, rather than CR 60, is the appropriate vehicle for alerting the lower court to procedural defects which may be corrected by a new trial, such as appellant's CR 63 complaint. CR 59.01 provides that a new trial may be granted for "[i]rregularity in the proceedings of the court, ... or an order of the court, or abuse of discretion, by which the party was prevented from having a fair trial" on a motion served within ten days of entry of judgment. Having failed to file a timely CR 59.01 motion, appellant cannot bootstrap his complaint to this court by way of CR 60.02.

■ Even if appellant's CR 60.02 motion was proper, we do not believe CR 63 mandates a new trial in this particular case. This is a suit for an accounting, and CR 43.04(1) provides that accounting actions shall be tried by deposition unless otherwise ordered. If we remand this case for a new trial, the trial judge is not obliged to rehear the case personally but can order it

tried by deposition. Under these circumstances, a successor judge may render a decision based on the trial record or he may, in his discretion, rehear the case personally or by deposition. There is essentially no difference in deciding a case by reviewing the trial record and deciding a case by deposition, so we ˋcannot say the successor judge abused his discretion in choosing the former over the latter.

■ Appellant's demand for a money judgment and accounting constitutes an attack on the trial court's findings of fact, but those findings will not be set aside on appeal unless clearly erroneous. CR 52.01.

The record clearly supports the lower court's findings, so we will not disturb its decision.

The judgment of the Boyle Circuit Court is affirmed.

All concur.